838 F.2d 1210
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Andrews Townes Abshire, Defendant-Appellant.
 No. 87-5558.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 8, 1988.
Decided: Feb. 4, 1988.
 
 John P. Fishwick, Jr., Madalene V. Young on brief for appellant.
 John P. Alderman, United States Attorney, Jennie L. Montgomery, Assistant United States Attorney on brief for appellee.
 Before ERVIN and CHAPMAN, Circuit Judges, and BULLOCK, United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Following a jury trial appellant was convicted of possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1), two counts of possession of firearms by a convicted felon in violation of 18 U.S.C. App. Sec. 1202(a)(1), and possession of a firearm requiring federal registration in violation of 26 U.S.C. Secs. 5861(d) and 5871. He appeals, claiming violation of his Fourth Amendment rights during searches of his residences, and he challenges the sufficiency of the evidence to convict him on all counts. He claims additional error because of the judge's failure to sever the two Sec. 1202(a)(1) counts and in the admission of certain testimony by an ATF agent as to congressional intent in requiring registration of a pen gun. We find no merit to any of these claims, and we affirm.
 
 
 2
 * Pursuant to a valid search warrant, Roanoke City Police on April 23, 1986 searched appellant's residence at 1830 Templeton Avenue, N.E., Roanoke, Virginia. Defendant was present and cocaine was found in one pocket of the robe he was wearing. The officers also found cocaine and drug paraphernalia in plain view. In searching the house pursuant to the terms of the warrant, the officers found a loaded handgun under a pillow on a chair in the living room and they found a pen gun in one of the bedrooms.
 
 
 3
 Four months later the police received word that appellant had moved to another residence without advising the court or his probation officer. The police were made aware he had been seen with firearms within the past two months and with cocaine within the past 72 hours. The officers obtained a search warrant and on August 12, 1986, they conducted a search at appellant's new residence on Donagale Drive in Roanoke. Entry for this search was obtained by force. Special Agent Lincoln knocked on appellant's front door and loudly stated his name and purpose. After waiting 10 to 15 seconds and after hearing movement inside the house, two Roanoke City Police Detectives forced entry through the front door. Federal agents watching the side of the residence noticed defendant running away from the front door and they forced entry through a sliding glass door on the side of the residence.
 
 
 4
 In conducting the search for drugs and weapons pursuant to the warrant, the officers found two one-ounce bags of cocaine locked in a desk drawer. The drawer was unlocked by a key provided by the defendant. In other drawers the officers found a Smith and Wesson .357 caliber revolver and an Arminius Titan Tiger .38 caliber revolver. In a closet off the same room they found a Remington Speedmaster .22 caliber semi-automatic rifle.
 
 
 5
 Appellant claims that the seizure of the two firearms in the April 23, 1986 search was illegal and that the trial judge erred in not suppressing this evidence. Appellant contends that the search warrant specified seizure of "cocaine and all items used in its packaging, distribution and usage," but that no mention was made of firearms. He contends that the cocaine and the drug paraphernalia were all in plain view and that it was not necessary for the officers to look in the bedroom or behind the pillow in the chair in the living room where the weapons were found.
 
 
 6
 Appellant misunderstands the plain view exception. He contends that since drugs and drug paraphernalia were in plain view that it was not necessary for the officers to make a thorough search of the residence. Illegal drugs are not normally kept in the open, and although there were illegal drugs and drug paraphernalia open and visible to the officers when they entered the residence, this did not restrict the scope of the warrant or require the officers to assume that since some drugs were in plain view, that other drugs were not hidden somewhere in the house. The plain view rule was stated in Coolidge v. New Hampshire, 403 U.S. 443, 467-68 (1971), as follows:
 
 
 7
 Where, once an otherwise lawful search is in progress, the police inadvertently come upon a piece of evidence, it would often be a needless inconvenience, and some times dangerous--to the evidence or to the police themselves--to require them to ignore it until they have obtained a warrant particularly describing it.
 
 
 8
 A lawful search was in progress at appellant's residence and the officers were not limited to looking only on the tops of tables and in other exposed places. The lawful search for drugs turned up the weapons and the appellant was not entitled to have this evidence suppressed.
 
 III
 
 9
 Appellant asserts that he was prejudiced, as a thrice-convicted felon, because the two Sec. 1202(a)(1) counts were joined in one indictment and the two weapons seizures spanned a period of almost four months. In effect he wishes for the weapons charge arising out of the April search to be tried separately from that arising out of the August search.
 
 
 10
 Rule 8(a) of the Federal Rules of Criminal Procedure authorized joinder of offenses when they "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Motions for severance based upon prejudicial joinder are committed to the sound discretion of the trial court. United States v. Chramek, 331 F.2d 380, 382 (4th Cir.1964), cert. denied, 379 U.S. 822 (1964). A defendant making a motion for severance has the burden of demonstrating a strong showing of prejudice, and it is not enough to simply show that joinder makes for a more difficult defense or that a separate trial might offer a better chance of acquittal. United States v. Goldman, 750 F.2d 1221, 1225 (4th Cir.1984). The events of April 23 and August 12, 1986 could be considered as evidence of a common scheme or plan of drug possession and distribution by the appellant, and the trial court did not abuse its discretion in handling the four counts in a single trial.
 
 IV
 
 11
 Appellant also claims error because of the testimony of a ATF agent, who, when asked why the National Firearms Act required certain weapons to be registered, including the pen gun found in the appellant's residence, stated that registration was required for "gangster-type weapons". Appellant contends that machine guns, sawed-off shotguns, silencers, and explosives are "gangster-type weapons," but pen guns are not. The agent went on to testify that the pen gun was included because it could be easily concealed. While the case might have been better without the agent's testimony as to his understanding of congressional intent, we do not find that the appellant was unduly prejudiced by this testimony.
 
 
 12
 There is no merit to appellant's other exception, and we find that oral argument is not needed and the appeal may be decided on the briefs and the joint appendix.
 
 
 13
 AFFIRMED.